990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul A. WRIGHT, Plaintiff-Appellant,
v.
Abe CLARK, et al., Defendants-Appellees.
 No. 92-35033.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 16, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul A. Wright, a Washington state prisoner, appeals pro se the district court's partial summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Wright contends that the district court erred by granting the prison officials qualified immunity. He claims that the defendants denied him due process and his first amendment rights by refusing to deliver incoming mail which did not contain his prison identification number. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 Title 28 U.S.C. § 1291 grants courts of appeals jurisdiction of appeals from all "final decisions of the district courts of the United States." Orders granting partial summary judgment do not dispose of all claims, and are not final appealable orders under section 1291. Cheng v. Comm'r Internal Revenue Service, 878 F.2d 306, 309 (9th Cir.1989); cf. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291...."). An order for partial summary judgment is appealable only if the district court certifies it for direct appeal under Fed.R.Civ.P. 54(b).
 
 
 4
 On July 2, 1991 Wright filed his original complaint against five prison officials claiming interference with his first amendment free speech right, his right of access to the courts and his due process rights. On September 24, 1991 Wright filed an amended complaint adding four additional defendants and an additional claim.
 
 
 5
 On September 27, 1991 the defendants filed a motion for summary judgment on behalf of "all served defendants." On December 31, 1991 the district court granted partial summary judgment only in favor of the five original defendants. The district court stated that the motion for summary judgment should be read as a "motion for partial summary judgment encompassing only the original cause of action and the original defendants." This order did not dispose of all parties and all claims, and is therefore not final. See Cheng, 878 F.2d at 309.
 
 
 6
 The district court has not certified this order for partial summary judgment for direct appeal. Therefore, we dismiss for lack of jurisdiction. 28 U.S.C. § 1291.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3